# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11560
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 25, 2018

Lyle W. Cayce
Clerk

GLORIA TREVINO; JULIO TREVINO,

Plaintiffs-Appellants

v.

ELLIS COUNTY, TEXAS; DR. WAYNE FORTNER; JOHNNY BROWN, in his official capacity as Sheriff of Ellis County Texas and official in charge of the Ellis County Jail; HARRY OGDEN, both individually and in his official capacity as Captain of the Ellis County Jail,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-3795

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

The plaintiffs brought this civil rights action under 42 U.S.C. § 1983, asserting that the defendants were deliberately indifferent to Juan Trevino's medical needs while he was incarcerated in the Ellis County Jail, resulting in his death. Specifically, the plaintiffs alleged that the defendants, upon

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

learning that the terminally ill Trevino would likely die soon, elected to transfer him to another county pursuant to a detainer rather than continue his medical care in Ellis County.  The district court granted summary judgment for the defendants.  We affirm.

Plaintiffs alleging that prison officials were deliberately indifferent to the serious medical needs of prisoners must show that that the officials acted with "deliberate indifference" to a "substantial risk of serious harm" resulting from a deprivation of medical care.  *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006).  This is a stringent standard of fault, found only when the evidence shows that prison officials recklessly disregarded a known, substantial risk of serious bodily harm by failing to take reasonable measures to abate that harm.  *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

Reviewing this matter de novo, we agree with the district court that the plaintiffs failed to show a genuine dispute as to any material fact in this case and, thus, that the defendants were entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(a); *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).  Uncontroverted deposition testimony established that neither Brown nor Ogden was involved in the decision to transfer Trevino.  *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).  The plaintiffs further offered no evidence of a causal connection between Brown's and Ogden's conduct and Trevino's transfer or of an unconstitutional policy implemented by Brown that led to the transfer.  *See id.*  Their suggestion that Brown and Ogden had a duty to step in and halt his transfer effectively argues for vicarious liability, which is not a basis for relief.  *See Davidson v. City of Stafford, Texas*, 848 F.3d 384, 395 (5th Cir. 2017).

The plaintiffs likewise presented no evidence of an official Ellis County policy or regulation, or of an employee practice so common and widespread as

to be the equivalent of policy, that directly caused the asserted violation of Trevino's rights, let alone that Ellis County adopted any such policy with deliberate indifference. *See In re Foust*, 310 F.3d 849, 862 (5th Cir. 2002); *Brown v. Bryan Cty., OK*, 219 F.3d 450, 457 (5th Cir. 2000). Their contention that various actions by the defendants and others reflected, or were dictated by, a formal policy of neglecting the needs of critically ill inmates is wholly speculative. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). Moreover, Ellis County may not be held liable through the actions of Brown because Brown is not himself liable under § 1983. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

Finally, nothing in the record suggests that Fortner was deliberately indifferent to Trevino's medical needs, let alone that he intended to cause Trevino "unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Stewart*, 174 F.3d at 534. There is no evidence that Fortner was part of—or even aware of—the decision to transfer Trevino, and the plaintiffs cite no compelling authority for their assertion that Fortner's actions toward Trevino constituted abandonment or were made with reckless disregard for a known substantial risk of serious bodily harm. *See Gobert*, 463 F.3d at 346. Rather, the plaintiffs' critiques of Fortner's various treatment decisions over the course of Trevino's 11-month incarceration reflect their mere disagreement with his professional decisionmaking. *See Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999).

The judgment is AFFIRMED.